# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| LLOYD GILMORE, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:25-cv-00066-SPM<br>) |
| BLAKE LEADBETTER, et al., | )<br>) |
| Defendants. | )<br>) |

## **OPINION, MEMORNADUM AND ORDER**

This matter is before the Court on the application of self-represented Plaintiff Lloyd Gilmore, an inmate at the Mississippi County Jail, to proceed in the district court without prepaying fees and costs. Because this case is duplicative of another case currently pending, the Court will dismiss this case without prejudice. *See Gilmore v. Cape Girardeau City Police, et al.*, No. 1:22-cv-22-AGF (E.D. Mo. filed Feb. 23, 2022).

## The Complaint

On April 23, 2025, Plaintiff filed this civil rights complaint against two officers from the Cape Girardeau Police Department, Defendants Blake Leadbetter and Nicholas Mayberry. He claims these officers violated his constitutional rights on May 20, 2020 when they "brutally beat and excessively tased" him, later charging him with assault of an officer. ECF No. 1 at 5. The charges were dropped,

but not before Plaintiff was incarcerated for 32 months. Plaintiff states claims of due process violations, malicious prosecution, abuse of process, and wrongful incarceration.

## Discussion

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee. The Court will grant Plaintiff's motion and dismiss this action as duplicative of Plaintiff's previously filed and pending litigation, *Gilmore v. Cape Girardeau City Police, et al.*, No. 1:22-cv-22-AGF (E.D. Mo. filed Feb. 23, 2022) (*Gilmore 1*).

Under 28 U.S.C. § 1915(e)(2), this Court must dismiss a complaint filed without prepayment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. Section 1915(e)(2) also allows the Court to dismiss a duplicative complaint that raises issues that are directly related to issues in another pending action brought by the same party. *See Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992). An action is duplicative if the parties, issues, and available relief do not significantly differ between the two actions. *See I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986).

On February 23, 2022, Plaintiff brought an action against several defendants, including Officers Leadbetter and Mayberry. *See Gilmore 1*. Plaintiff recites the same facts and alleges identical claims against the Officers in this action as he does

in *Gilmore 1*. Plaintiff's asserted injuries and requests for relief are also the same. The Honorable Judge Audrey G. Fleissig has already reviewed the claims against Officers Leadbetter and Mayberry pursuant to § 1915 in *Gilmore 1*, and determined Plaintiff alleged plausible claims. The parties failed to successfully mediate the case, and on April 29, 2024, the Court-appointed pro bono mediator entered his appearance on behalf of Plaintiff. *See Gilmore 1* at 99. Plaintiff, through counsel, filed an amended complaint on April 16, 2025, by which he dismissed Defendant Leadbetter.[1] Discovery is complete in *Gilmore 1* and the summary judgment deadline has passed. According to the seventh case management order issued by Judge Fleissig, a trial date will be set soon.

Because the allegations raised here have been brought in another case pending before the Court, this action is subject to dismissal as duplicative litigation. The parties, issues, and available relief do not significantly differ between the instant case and *Gilmore 1*. *See I.A. Durbin, Inc.*, 793 F.2d at 1551 (stating general rule for determining duplicative litigation is whether parties, issues, and available relief do not significantly differ between the two actions). While Plaintiff has not included claims against several of the defendants named in *Gilmore 1*, this does not change the fact that the issues he raises here are directly

---

[1] If Plaintiff seeks to reinstate his claims against Defendant Leadbetter, he can move to amend his complaint in *Gilmore 1*.

-3-

related to the issues in the previously filed pending litigation and can be addressed there. Therefore, the Court concludes that the instant action is subject to dismissal because it is duplicative of *Gilmore 1*. *See Aziz*, 976 F.2d at 1158 (under § 1915(e)(2), the Court may dismiss a duplicative complaint that raises issues that are directly related to issues in another pending action brought by the same party).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application for leave to proceed in district court without prepaying fees and costs is **GRANTED**. [ECF No. 2].

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 3]

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 23rd day of May, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE